IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 11 CV 8569 |
| | ) | |
| vs. | ) | Judge Joan H. Lefkow |
| | ) | |
| NANCY DEMARCO, individually and doing business as Ristorante Demarco, Inc. doing business as Ristorante De Marco's, and RISTORANTE DEMARCO, INC., doing business as Ristorante De Marco's | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Joe Hand Promotions, Inc. ("Joe Hand") commenced this action against Nancy DeMarco, individually and doing business as Ristorante Demarco, Inc., doing business as Ristorante DeMarco's, and Ristorante Demarco, Inc., doing business as Ristorante DeMarco's (collectively "defendants"), alleging that defendants violated the Communications Act of 1934, as amended, 47 U.S.C. §§ 605, *et seq.* (the "Communications Act"), and the Cable Television Consumer Protection and Competition Act of 1992, as amended, 47 U.S.C. §§ 553, *et seq.* (the "Cable Act"), by broadcasting the Ultimate Fighting Championship 107: Penn v. Sanchez (the "program"), which took place on December 12, 2009, without authorization from Joe Hand, its exclusive nationwide television distributor. The complaint alleges that defendants, with full knowledge that the program was not to be intercepted, received and exhibited by entities unauthorized to do so, did unlawfully publish, divulge and exhibit the program at the time of its transmission for profit. By so doing, defendants allegedly (1) violated 47 U.S.C. § 605, which

prohibits the unauthorized publication or use of communications (Count I); (2) violated 47 U.S.C. § 553, which prohibits the unauthorized reception of cable services (Count II); and (3) unlawfully converted plaintiff's property (Count III). Defendants have moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). Their motion will be granted in part.[1]

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Capital Corp.* v. *Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). In ruling on a Rule 12(b)(6) motion,[2] the court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Dixon* v. *Page*, 291 F.3d 485, 486 (7th Cir. 2002). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis, but must also establish that the requested relief is plausible on its face. *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868

---

[1] This case arises under federal law and the court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. The Communications Act and the Cable Act also provide for jurisdiction. *See* 47 U.S.C. §§ 605(e)(3)(A) & 553(c)(1). Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

[2] Defendants have moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Attached to their motion are the affidavits of Nancy DeMarco and her husband, Genarro. As is well known, a motion to dismiss under Rule 12(b)(6) challenges only the sufficiency of the complaint for failure to state a claim upon which relief may be granted, *General Electric Capital Corp.*, 128 F.3d at 1080, and the court's inquiry is generally limited to only the "pleadings." *See* Fed. R. Civ. P. 12(b)(6). If documents outside the pleadings are placed before the court on a Rule 12(b)(6) motion, the court must either exclude such documents or convert the motion to dismiss to a motion for summary judgment and afford the plaintiff an opportunity to submit additional evidentiary material. *Venture Assocs. Corp.* v. *Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1992). Rather than convert defendants' motion to one for summary judgment, the court with treat it as a motion on the pleadings and will not consider the DeMarco affidavits submitted in support.

(2009); *see also Bell Atl.* v. *Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The allegations in the complaint must be "enough to raise a right of relief above the speculative level." *Twombly*, 550 U.S. at 555. At the same time, the plaintiff need not plead legal theories. *Hatmaker* v. *Mem'l Med. Ctr.*, 619 F.3d 741, 743 (7th Cir. 2010). Rather, it is the facts that count.

## ANALYSIS

As an initial matter, defendants admit in their reply brief that Counts I and II are adequately pleaded and arguments concerning these counts will not be addressed by the court.[3] (*See* Dkt. #10 at 2–3.) The remaining issue is whether Joe Hand may recover against defendants on a theory of conversion.[4] The court gave Joe Hand an opportunity to file a sur-reply addressing this issue, but it declined to do so. Defendants argue that Count III must be dismissed because the Seventh Circuit, in applying Illinois law, does not recognize an action for conversion of intangible rights. *See Am. Nat'l Ins. Co.* v. *Citibank, N.A.*, 543 F.3d 907, 910 (7th Cir. 2008)

---

[3] Defendants indicate only that these claims must be pleaded in the alternative, which they are not. *See Kingvision Pay-Per-View, Ltd.* v. *New Paradise Rest.*, No. 99–CV–10020, 2000 WL 378053, at *2 (S.D.N.Y. Apr. 11, 2000) ("[A] plaintiff cannot recover under both 47 U.S.C. § 605 and § 553.") (collecting cases). The court finds, however, that the complaint indicates a sufficient intention to plead in the alternative "[i]n light of [the] legal principle [that] any complaint asserting that a single action violates both statutes can only be interpreted as stating alternative claims." *Joe Hand Promotions, Inc.* v. *Lynch*, 822 F. Supp. 2d 803, 805 (N.D. Ill. 2011); *see Holman* v. *Indiana*, 211 F.3d 399, 407 (7th Cir. 2000) (noting that the court must be able to "reasonably infer[]" that the plaintiff intends to plead in the alternative). In their motion to dismiss, defendants also raise the issue of standing but fail to adequately develop this argument. The court therefore declines to consider it. *See Hernandez* v. *Cook Cnty. Sheriff's Office*, 634 F.3d 906, 913 (7th Cir. 2011) ("'skeletal' arguments may be properly treated as waived").

[4] To state a claim for conversion, Joe Hand must allege that it has a right to the property, it has an absolute and unconditional right to the immediate possession of the property, it has made a demand for possession, and defendants have wrongfully and without authorization assumed control, dominion, or ownership over the property. *See Cirrincione* v. *Johnson*, 703 N.E.2d 67, 70, 184 Ill. 2d 109, 114, 234 Ill. Dec. 455 (Ill. 1998).

("Illinois courts do not recognize an action for conversion of intangible rights." (citing *Janes* v. *First Fed. Sav. & Loan Ass'n of Berwyn*, 297 N.E.2d 255, 260, 11 Ill. App. 3d 631 (Ill. App. Ct. 1973), *reversed in part on other grounds* 312 N.E.2d 605, 57 Ill. 2d 398 (1974))).[5] This court so held in *DirecTV, Inc.* v. *Maraffino*, No. 03 C 3441, 2004 WL 170306, at *4 (N.D. Ill. Jan. 23, 2004) (the taking of video and audio signals without permission does not state a claim for conversion). Moreover, recent case law in this district has recognized that "Illinois courts have not yet extended the tort of conversion to intangible property like television programming." *Joe Hand Promotions, Inc.* v. *Lynch*, 822 F. Supp. 2d 803, 809 (N.D. Ill. 2011); *see id.* at 808 ("The court, despite diligent research, has not found any decisions since 1998 supporting the supposed perception that conversion under Illinois law can include the taking of intangible property such as the misappropriation of televised broadcast of a boxing match."); *Joe Hand Promotions, Inc.* v. *Hurley*, No. 11-0538-DRH, 2011 WL 6727989, at *2 (S.D. Ill. Dec. 21, 2011) ("As to the conversion claim, the Court finds that Chief Judge Holderman's exhaustive survey of the law on this issue in [*Lynch*] convinces the Court that plaintiff cannot assert a claim for conversion under these circumstances."); *see also Joe Hand Promotions, Inc.*, v. *Abrell*, No. 1:10-cv-00450, 2012 WL 2458636, at *2 (S.D. Ind. June 27, 2012) ("Joe Hand's state law conversion claim is not viable.") (applying Indiana law but citing *Hurley*).

Courts in this district have also found the opposite, however, recognizing that it is possible to state a claim for conversion of intangible rights under Illinois law. *See, e.g., Rubloff*

---

[5] *Janes*, as relevant here, held that a claim for money that is not specifically identified cannot rest on a theory of trover or conversion: "'neither negligence, active or passive, nor a breach of contract, even though it result in the loss of specific property, constitutes the wrong under consideration'" 297 N.E.2d at 260 (quoting *Burge* v. *Englewood Motor Car & Garage Co.*, 213 Ill. App. 357, 363, 1919 WL 1529 (Ill. App. Ct. 1919)). The case implies but does not state that Illinois courts do not recognize an action for conversion of any intangible rights.

4

*Dev. Grp., Inc.* v. *SuperValu, Inc.*, --- F. Supp. 2d ----, 2012 WL 1032784, at *16 (N.D. Ill. Mar. 27, 2012) (holding that wrongful possession of confidential information could be the subject of a claim for conversion); *DirecTV, Inc.* v. *Ostrowski*, 334 F. Supp. 2d 1058, 1062–65 (N.D. Ill. 2004) (holding that confidential information such as television programming could be the subject of a conversion claim under Illinois law); *accord DirecTV* v. *Dillon*, No. 03 C 8578, 2004 WL 906104, at *4 (N.D. Ill. Apr. 27, 2004); *DirecTV* v. *Dyrhaug*, No. 03 C 8389, 2004 WL 626822, at *2 (N.D. Ill. Mar. 26, 2004) ("Although the issue is not free from doubt, it would appear that the television images received by a claimed violator . . . through his assertedly illegal interception and use of DirecTV's electronic communications would satisfy the [conversion] tort's requirements as so articulated . . . ."); *see also Stathis* v. *Geldermann, Inc.*, 692 N.E.2d 798, 807, 295 Ill. App. 3d 844, 229 Ill. Dec. 809 (Ill. App. Ct. 1998) ("[P]arties may recover for conversion of intangible assets."); *Conant* v. *Karris*, 520 N.E.2d 757, 763, 165 Ill. App. 3d 783, 117 Ill. Dec. 406 (Ill. App. Ct. 1987) (complaint stated a cause of action for conversion of confidential information). Although the Illinois courts are admittedly divided, *see DirecTV, Inc.* v. *Bjornson*, No. 03 C 3489, 2004 WL 1535849, at *3 (N.D. Ill. July 7, 2004), these cases suggest that Joe Hand may bring a claim for conversion under Illinois law.

The issue whether the Illinois common law of conversion comprehends unauthorized transmission of television images remains unresolved. Until it is resolved, however, this court adheres to its view in *Maraffino* that it does not. First, *American National Insurance Company*, although arising in a different context, has greater authority over this court than any other of the cited cases. Second, the tort of conversion, traditionally applicable to tangible, identifiable property, at least assumes that the property converted can be returned (even confidential information can be returned). Indeed, one element of the claim is that the plaintiff has an

5

absolute and unconditional right to the immediate possession of the property. *See* note 4, *supra*. But television images are intended to be broadcast. If they were not, there would be no television industry. The issue here is simply whether the defendants paid for what they used. In this court's judgment, this is not conversion but breach of contract or violation of a statute for which a penalty attaches. Joe Hand does not state a claim for conversion.

## CONCLUSION AND ORDER

Defendants' motion to dismiss Counts I and II is withdrawn. The motion to dismiss Count III of the complaint is granted.

Dated: August 24, 2012 	Enter: _____
	JOAN HUMPHREY LEFKOW
	United States District Judge